UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DOROTHY LEE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 7:14-cv-01607-VEH-SGC |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

The magistrate judge entered a report and recommendation on October 22, 2015, recommending that this action filed pursuant to the Federal Tort Claims Act (FTCA) be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. (Doc. 14). The plaintiff filed objections to the report and recommendation on October 30, 2015. (Doc. 15).

In her objections, the plaintiff asks this court to reject the magistrate judge's recommendation that her FTCA complaint be dismissed as premature because it was filed less than six months from the date she filed her administrative tort claim. (Doc. 15 at 1). The plaintiff states she did not understand the requirement to wait six months to file a FTCA claim and points out that the prescribed time has now passed. (*Id*. at 3-4). The plaintiff also states her mistaken understanding that she was required

to exhaust the Bureau of Prisons' internal administrative remedies, or grievance process, as a prerequisite to filing her FTCA complaint. (*Id.* at 2-3). Finally, the plaintiff points out the magistrate judge's denial of her motion for appointment of counsel. (*Id.* at 1).

The plaintiff's lack of counsel, misunderstanding of the exhaustion procedure required before filing a FTCA claim, and suggestion that her complaint be adjudicated because more than six months now has passed since she filed her administrative claim are unpersuasive. "Even a *pro se* litigant is required to comply with the rules of procedure." *Lacroix v. W. Dist. of Kentucky*, No. 14-15276, 2015 WL 5673018, at *2 (11th Cir. Sept. 28, 2015) (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)). The language of 28 U.S.C. § 2675(a) is such that a "lay person" who "carefully read the entire section would understand it to mean exactly what it says." *Mohasco Corp. v. Silver,* 447 U.S. 807, 827 (1980). This court must strictly adhere "to the procedural requirements specified by the legislature" in 28 U.S.C. § 2675(a) and will not interpret it "so as to excuse mistakes by those who proceed without counsel." *Id.* at 825-826.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby

**ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the plaintiff's prematurely filed FTCA complaint is due to be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. A Final Judgment will be entered.

**VIRGINIA EMERSON HOPKINS**
United States District Judge